Jas. F. Pierson

vs　　　　　　　　　　　　　　　*No. 23,889*

Mrs. Lillie Carmouche

The Court of Appeals for the Parish of Orleans has certified to this court for instructions the following question:

We answer, yes. In Dreyfous vs Cade, 138 La. 298, this question was very fully discussed, with full reference to autorities, and was decided in the affirmative.

The decisions which have appeared to our learned brethren of the Court of Appeals to be opposed to this, we have not found to be so in reality. They are Compton vs Dretlin and Jacobs, 118 La. 360; Fetter vs Field, 1 An. 80; Seeley vs Dumas, 48 An. 1404; Hewitt vs Williams, 48 An. 686; and Bres and O'Brien vs Cowan, 22 An. 438.

The first, Compton vs Dietlin and Jacobs, involved the "misdemeanor in trade and commerce act," and the present case does not come under that act.

The next, Fetter vs Field, is not only not opposed but is strictly in line. The vendee shipped the goods and pledged the bill of lading, and this pledge was preferred to the vendor, because the delivery of the bill of lading was a delivery of the goods, and by express provision of Art. 3227 of

the Code the vendor's privilege continues ~~in/the/possession/of~~ ~~the/purchaser~~ to exist only so long as the property sold "still remains in the possession of the purchaser."

In Seelig vs Dumas, the suit was in damages, and was based on the fact that the property had not been sold to Theresa Hamilton, but only leased, and that the purchaser from this lessee was aware of that fact. There was no attempt being made to enforce the privilege of the vendor. Very true the court added that the suit in damages might have been maintained even though the property had been not leased but sold to Theresa Hamilton; but this was on the principle enforced in Irish vs Wright, 8 Rob. 428, that a person who fraudulently aids a debtor in placing his property beyound the reach of his creditors renders himself liable in damages to the creditors.

The other cases did not involve the privilege of the vendor but that of the furnisher of supplies on the crops of the year, as to which the Code, Art. 3217, says that it rests not only on the crops but also on "the proceeds thereof", and that it "shall not be divested by any seizure and sale of the land while the crop is on it." It was under this provision of the Code that these decisions were rendered. See also Weill vs Kent, 52 An. 2139; National Bank vs Sullivan, 117 La. 163.

A TRUE COPY:
Clerk's Office, New Orleans, _Mch 16th_ 192

_Lane E Mortimer_
Clerk.

To the Honorable

The SUPREME COURT OF LOUISIANA

Duplicate

The undersigned, Judges of the Court of Appeal for the Parish of Orleans, respectfully CERTIFY and Submit for Instructions the following question arising in, and (in our opinion) determinative of, a matter now pending before us, entitled:

No. 7457

Jas. F. Pierson

vs

Mrs. Lillie Carmouche

(Opposition of Max Barnett Furniture Co., Ltd. )

VIZ:

QUESTION:  May a purchaser on credit of movable property validly give it in pledge to a third person, who knows that he has not paid the price(but is otherwise in good faith), so as to vest in the pledgee a right superior to that of the vendor, whose privilege thereupon ceases(?) by reason of the property having passed out of the possession of the vendee?

II

The matter is now before us on rehearing/. The facts are fully set out in the opinion on file, copy whereof we include herein. They were practically undisputed, and the decision hinged on two points(appearing) of law, one of which has now vanished from the

201

case; the two points appearing from our Syllabus, and as follows;

## SYLLABUS

1: However the rule may be as to the holder of a negotiable note taking the same free of unknown equities which might exist as to the mortgage or privilege by which it is secured, that rule can have no application to non-negotiable credits, as to which the assignee acquires only such rights as his author had.  Kugler vs Taylor, 19 An 100.

2: The jurisprudence formerly was that the purchaser or pledgee of personal property, who knew that his vendor or pledgee still owed a balance on the purchase price thereof, took the property subject to the vendor's lien thereon; but that jurisprudence was changed in Dreyfous vs Cade, 138 La. 298, and such purchaser or pledgee now takes the property free from the vendor's lien.

### OPINION

This is a contest over the proceeds of certain furniture.  Opponent claims under a vendor's privilege. Plaintiff claims, 1st By virtue of a subrogation to a lessor's privilege; and 2nd By virtue of a conventional pledge.

FIRST In August 1916 defendant leased certain premises fro. one Peter Jung and gave him her non-negotiable notes for the rent.  At the same time she also purchased on credit from Opponent the furniture herein seized and sold; but before placing the furniture on the leased premises opponent obtained from the lessor a waiver of the lessor's privilege.

On May 1st 1917, and again on June1st, defendant being

unable to pay her rent for the months of April and May,

appealed for assistance to plaintiff, her legal adviser. The latter, being in ignorance of the waiver aforesaid paid the bank where the lessor had deposited for collection the rent notes given him by defendant; and thereupon took from her (the debtor) a subrogation to the lessor's claim. (C.C. 2160, #2).

As we have said before, the rent notes given by defendant were not negotiable; for we find that they were payable simply to Peter Jung, not to order or to bearer.

It is therefore wholly unnecessary to inquire whether or not the holder of a negotiable note, secured by mortgage or privilege, takes the same free of any unknown equities which might exist as to the mortgage or privilege by which it is secured.  For however the rule may be as to negotiable instruments, the reason thereof would be wholly inapplicable to non-negotiable credits.  As to the latter, they do notcome within the scope of the Law Merchant, and whoever acquires such credits, acquires only such rights as his author had; since by the general law no one can transfer to another any greater right than he himself has.
See Kugler vs Taylor, 19 An 100.

Second:  The evidence establishes, and plaintiff admits, that at the time he took the conventional pledge, he then knew that opponent had been informed that the lessor's privilege had been waived.

The jurisprudence formerly was that the purchaser or pledgee of personal property who knew that his vendor still owed a balance on the purchase price thereof, took the property subject to the vendor's lien thereon. (See Beauregard Furniture Co vs Harry Katz et al, No. 7423 of our docket, and authorities there cited; especially Seelig vs Dumas, 48An 1494).

But that jurisprudence was changed in Dreyfous vs

Cade, 138 La 298, where the court very distinctly held

202

(Syllabus #1)

We do not think the authorities cited by the court, support the proposition as stated; but the ruling is too clear to be disregarded;

The judgment appealed from must therefore be affirmed.

### JUDGMENT AFFIRMED.

### III

The former jurisprudence to which we had reference, is as follows:

      1st Compton vs Dietlik & Jacobs, 118 La. 360 (367).
      2nd Seelig vs Dumas, 48 An 1494 (1497).
      3rd Hewitt vs Williams, 48 An 686 (693).
      4th Bres & O'Brien vs Cowan, 22 An 438.
      5th Fetter vs Field, 1 an 80.

We are well aware that these cases are not applicable where Articles of Commerce are purchased for the purpose of resale, since there is then an implied waiver of the vendor's privilege; and we ourselves have held in Snell vs Hart Jewelry Co. (14 Orleans Appeals 94) that even a donation passes the property free from the vendor's lien when the vendor knew that the purchaser bought for the express purpose of making a gift (and notwithstanding C. C. 1581).

### IV

Plaintiff relies for the maintainance of his conventional pledge, upon Dreyfous vs Cade, 138 La. 298, above mentioned. He also relies upon Florsheim Bros. vs Howell, 33An 1184; but in that case the court stressed the fact that its decision rests upon the special provisions of Act 66 of 1874, section 3, "a hard law ⊙-- but written in language so plain as to leave no room for doubt or evasion, ---savoring of spoliation."

The first of these two cases involved a resale of the property, the second a statutory pledge. In both, the loss of the vendor's peivilege was attributed to the purchased property having passed out of the possession of the vendee.

The opponent relies on the five cases above cited.

### V

We would feel justified in not following the Florsheim case for reasons readily perceivable; We hesitate about following the Dreyfous case , partly because it (in effect) overrules five well considered cases, without mentioning them (possibly because they were not called to your attention); andpartly because that case was in part decided (and might have been decided entirely) upon other grounds. Hence our Question.

We transmit herewith the entire record and the briefs of counsell to the end that it may be before you, should your honors think proper to "require that the whole record be sent up for consideration, and decide the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court." Const. of 1898 Art. 101.

Respectfully Submitted.

Judges of the Court of Appeal for the Parish of Orleans.